Smith, J.
The court below ruled the sheriff to pay over the monies to Mr. Blanding’s execution, it having been decided so by the Constitutional Court in Charleston, in a similar case of Denoon and O’Hara. The court having already decided the point, I am bound by that decision. Motion overruled.
Colc.ook, J., concurred.
Brevard, J.
In the case of Denoon v. O’Hara et al. determined in Charleston by the Constitutional Court of Appeals, in 1805, after verdict for the plaintiff, the defendants moved for a new trial; and during the pendency of the motion, the plaintiff died. But before his death, judgment had been entered up, pursuant to a rule of court, which authorized the entry of judgment and taking out execution, to bind the property of the defendant, pending the motion for setting aside the verdict. .
It was contended that the judgment entered up under such circumstances, was void ; and that the death of the party plaintiff, prior to the determination of the motion for a new trial, by which the judgment was suspended, though it would not abate the action, *389 'Would nevertheless suspend any proceedings upon the motion, till the representatives of the deceased should revive the proceedings by scire facias, o'r other process. The decision of the court was, ■that the death of the plaintiff did not interpose any legal impediment to the hearing and determining of the matters submitted by way of appeal; and that the case might proceed as if no such ac-cident had taken place. A. A. 1785, P. L. 381.
With regard to the judgment entered up, pending the appeal, the court, Watxbs, Bay, Brevard, and Wilds, Js., were of opinion that'the same might be considered as a judgment nunc pro tunc, .after the motion should be decided in favor of the party in whose favor it should be entered up. But they inclined to think, according to my understanding of their opinions, that no judgment could be legally entered up, until after the determination of the motion submitted, notwithstanding the rule of court which allows the entering up of-conditional judments. I was then, and am still of opinion, that no such judgment can be legally entered up, before the motion to the Constitutional Court of Appeals has been heard and decided. But inasmuch as the judgment may be entered up, after the appeal is decided, nunc pro tunc, I am not disposed to question the judgment which has been thus entered up by anticipation. The point having been ruled in the case cited, on which occasion the authorities were earef'ully examined ; I am not willing to set the question again afloat, although I entertain some doubts whether the rights of other judgment creditors, who fairly obtained regular and legal judgments, prior to the time when this judgment could have been lawfully entered up .and signed, nunc pro tunc, and issued executions thereupon, are not upon legal principles to he referred to a party who claims by relation, and founds his claim on a fiction of law.